### WEINBERG v. COMPAGNIE GÉNÉRALE TRANSATLANTIQUE.

(Supreme Court, Appellate Term, First Department.   January 7, 1915.)

CARRIERS (§ 405*)—"BAGGAGE"—WHAT CONSTITUTES.

 A provision, in a ticket issued by a steamship company, that in case of total loss of baggage the passenger should not be entitled to more than $100 indemnity, applies only to articles stored in the hold of the ship, and not to clothing in the stateroom.

 [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1544–1549; Dec. Dig. § 405.*

 For other definitions, see Words and Phrases, First and Second Series, Baggage.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Frieda Weinberg against the Compagnie Générale Transatlantique.   From a judgment for plaintiff, limiting recovery, plaintiff appeals.   Reversed, and new trial granted.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Roelker, Bailey & Stiger, of New York City (William D. Stiger and Theodore L. Bailey, both of New York City, of counsel), for appellant.

Nolan Bros., of New York City (John M. Nolan and Joseph P. Nolan, both of New York City, of counsel), for respondent.

BIJUR, J.   Plaintiff sued for damage to articles of clothing hanging in her cabin on one of defendant's steamers, the result of negligence on the part of one of defendant's servants.   The transportation ticket which plaintiff received contained the limitation that:

"In case of total loss of baggage, * * * the passenger shall not be entitled to receive more than $100 * * * as indemnity."

In Holmes v. North-German Lloyd Co., 184 N. Y. 280, 77 N. E. 21, 5 L. R. A. (N. S.) 650, a similar limitation of liability "for loss of luggage or personal effects" was held to apply only to articles stored in the hold and not to clothing in a stateroom.   The learned judge below was of opinion that the Holmes Case did not indicate "the correct interpretation of the contract between the parties to this action," on the ground, apparently, that the term "baggage" was sufficiently broad to cover clothing kept by the passenger in his stateroom.   In this view, however, I cannot agree.   I think, on the contrary, that, if there is any difference, the word "baggage" would be more readily construed as

referring to other than the personal effects kept by the passenger for his continued use during the voyage.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.